# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JULIUS JAMES LARRY, IV, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NOAH ABRAMS, MEG HEAP, )<br>JOHNATHAN COUR, EVERETT )<br>RAGAN, CHATHAM COUNTY )<br>MANAGER, SAVANNAH CITY )<br>MANAGER, and AL ST. LAWRENCE, )<br>)<br>Defendants. ) | Case No. CV415-046 |

## REPORT AND RECOMMENDATION

Julius Larry, who is currently detained pending his state prosecution for the sale of cocaine, has filed a 42 U.S.C. § 1983 complaint seeking damages from the officers who arrested him, the district attorneys who are prosecuting him, the Chatham County Sheriff, and other city and county managerial officials. Doc. 1 at 4-6. Larry, who has been allowed to proceed *in forma pauperis*, has completed the necessary forms that enable the Court to assess the required initial partial filing fee. Docs. 3, 6, 7. *See* 28 U.S.C. § 1915(b)(1)(detailing the method for calculating the initial partial filing fee for prisoners allowed to proceed IFP).

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2) (requiring the dismissal of any IFP complaint that is frivolous or legally insufficient). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

In a suit filed one week prior to the instant complaint, Larry sought damages against virtually all those involved in his prosecution and subsequent *acquittal* for the sale of cocaine. *Larry v. Mercer*, No. CV415-038 (S.D. Ga. filed Feb. 18, 2015). The present case stands on a very different footing, however. Here, Larry seeks damages and a release from incarceration as to a criminal prosecution that is *still ongoing*. Doc. 1 at 2 (where Larry admits that the state criminal case is "still pending").

2

Specifically, he seeks to have this Court quash the state indictment and dismiss all charges against him.

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). A federal court may not interfere with a state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Larry has not met any of the exceptions to *Younger* abstention. He primarily complains of certain procedural deficiencies following his October 8, 2014 warrantless arrest on drug charges: the failure to furnish him with copies of the arrest warrant issued the next

day, the failure to provide a "first appearance hearing" prior to his later indictment on October 29, the securing of an indictment before receiving certain "drug lab reports," and indicting him for offenses that were never charged in any arrest warrant. Doc. 1 at 5-6. These allegations simply do not assert the type of state prosecutorial abuse or harassment that would justify the extraordinary relief that Larry is seeking from this Court -- the outright dismissal of the state criminal proceedings. This Court, therefore, must abstain from exercising jurisdiction over the pending state criminal case.[1]

The sole reviewable claims, then, are Larry's assertions that he was arrested without a warrant, that his vehicle was seized without a warrant and held until a warrant could be secured, and that the arresting agent knowingly made false statements in an affidavit for a search warrant issued for his vehicle. Doc. 1 at 5. The Constitution permits an officer to make a warrantless arrest where he has probable cause to believe that the

---

[1] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove [he meets an exception] before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Larry has made no attempt to prove that a *Younger* exception applies.

suspect has committed an offense. *Virginia v. Moore*, 553 U.S. 164, 171-74 (2008) (a warrantless arrest based on probable cause is permissible under the Fourth Amendment even where the arrest is prohibited by state law). And because "'[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment, . . . a search incident to the arrest requires no additional justification.'" *Id.* at 177 (*quoting United States v. Robinson*, 414 U.S. 218, 235 (1973). While Larry complains of procedural errors associated with his arrest and the seizure of his vehicle, nowhere does he assert that the agent lacked probable cause to believe that he had committed a crime or that evidence of that crime was concealed in his vehicle.[2] "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar

---

[2] Larry asserts that the agent lied in his affidavit for the search warrant, but he never contends that any false statement was "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 156 (1978). In any event, since Larry's challenge to the validity of the search warrant relates to the "*wrongful institution of legal process*," his claim is more analogous to the tort of malicious prosecution than false arrest (or seizure). *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (emphasis in original). And since the contested warrant-based search pertains to a criminal prosecution that is still ongoing, any malicious prosecution claim has yet to accrue. *Id.* at 392 (an element of malicious prosecution "is the favorable termination of criminal proceedings").

5

to a subsequent constitutional challenge to the arrest.[3] *Case v. Eslinger*, 555 F.3d 1317, 1326–27 (11th Cir. 2009); *Kingsland v. City of Miami*, 382 F.3d 1220, 1226, 1232 (11th Cir. 2004); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996)." *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). Larry, therefore, has failed to plead an essential component of a § 1983 wrongful seizure claim.

Larry, for that matter, cannot pursue damages claims against Assistant District Attorney Noah Abrams, District Attorney Meg Heap, or Sheriff Al St. Lawrence. The prosecutors are immune from suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). And a claim for damages against Al St. Lawrence in his official capacity for failing to release Larry is barred by sovereign immunity. (Doc. 6 at 2.) As an "arm of the state,"

---

[3] Even where actual probable cause is lacking, an officer is entitled to qualified immunity upon a showing of "arguable" probable cause, which exists "where a reasonable officer in the same circumstances and possessing the same knowledge as the [defendant officer] could have believed that probable existed to arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002). Larry has failed to allege facts establishing a plausible claim that the agent lacked probable cause, much less that he lacked *arguable* probable cause.

his actions are shielded by the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), and *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007)). Nor can Larry's claims against St. Lawrence, Everett Ragan (the director of the local Counter Narcotics Team), Savannah's City Manager, and Chatham County's "Manager" rest upon theories of vicarious liability or *respondeat superior*. *Iqbal*, 556 U.S. at 676; *Dodson*, 454 U.S. at 325; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, Larry must demonstrate either that these supervisory defendants directly participated in the alleged constitutional deprivations or that there is some other causal connection between their acts or omissions and any violation of his constitutional rights. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Larry complains that these officials, along with Meg Heap, are somehow at fault for his "selective prosecution," but he has not offered any facts asserting direct action or some other causal connection as to these

defendants. (Doc. 6 at 1-2.)

Finally, Larry may not use § 1983 to have the Court "quash" his indictment and "dismiss[] all charges" against him. The remedy of release from confinement may only be invoked through a petition for writ of habeas corpus. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

Even were the Court to construe Larry's complaint as a habeas petition, it still fails because he has not alleged that he has exhausted his state court remedies, which is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson*, 544 U.S. at 79 (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.

2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Nor has plaintiff substantially followed the Court's § 2254 form petition, as required by Rule 2(d) of the Rules Governing Section 2254 Cases. If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules.

Plaintiff's complaint should be **DISMISSED**. His motion for summary judgment (doc. 5) should be **DENIED**. Meanwhile, Larry is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes a $39.92 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all

financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 21st day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA